FILED

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

2007 AUG 17 PM 12: 35

CLE... COURT
MIDDLE ... OF FLORIDA
FT MYERS DIVISION

JUANA ROMERO ORTEGA, individually,
as surviving mother of David Guadalupe
Velazquez Romero, deceased,

    Plaintiff,

vs.

CASE NO.: 07-CA-005936
(Judge: Margaret O. Steinbeck)

PERSONNEL STAFFING GROUP, LLC,
d/b/a BARNETT MANAGEMENT, a Florida
corporation, NATURAL DESIGNS GOLF,
INC., a Florida corporation, and STOCK
DEVELOPMENT, LLC, a Florida
corporation,

    Defendants.

2:07cV-521-FtM-34DNF

_____/

## AMENDED COMPLAINT

Plaintiff, JUANA ROMERO ORTEGA, individually, as surviving mother of David Guadalupe Velazquez Romero, by and through the undersigned attorneys, hereby files this Amended Complaint to name PERSONNEL STAFFING GROUP, LLC, d/b/a BARNETT MANAGEMENT as the proper entity, and sues Defendants, PERSONNEL STAFFING GROUP, LLC, d/b/a BARNETT MANAGEMENT, NATURAL DESIGNS GOLF, INC., and STOCK DEVELOPMENT, LLC, and alleges:

1. This is an action for wrongful death pursuant to Florida Statute 768.16 through 768.27, and damages which exceed $15,000.00.

2. Plaintiff, JUANA ROMERO ORTEGA (hereinafter referred to as "ORTEGA"), is the surviving mother of David Guadalupe Velazquez Romero (hereinafter referred to as "Romero"), deceased.

3. Defendant, PERSONNEL STAFFING GROUP, LLC, d/b/a BARNETT MANAGEMENT (hereinafter referred to as ("BARNETT MANAGEMENT"), is a Florida corporation with its principal place of business in Riveria Beach, Palm Beach County, Florida.

4. Defendant, NATURAL DESIGNS GOLF, INC. (hereinafter referred to as "NATURAL DESIGNS"), is a Florida corporation with its principal place of business in Fort Myers, Lee County, Florida.

5. Defendant, STOCK DEVELOPMENT, LLC, (hereinafter referred to as "STOCK DEVELOPMENT"), is a Florida corporation with its principal place of business in Naples, Collier County, Florida.

6. Pursuant to *Florida Statutes,* venue is proper in Lee County, Florida, as the subject accident occurred in Lee County, Florida, and one of the Defendants is located in Lee County, Florida.

7. On or about November 27, 2006, Romero was operating a small tractor, using the rear-mounted blade to grade soil flat, within twenty (20) feet of the edge of a lake and was killed when the tractor entered the lake and he drowned. At the time of his death, Romero was driving the tractor in the scope and course of his employment by Defendant, BARNETT MANAGEMENT, at a golf course construction site for which Defendant, NATURAL DESIGNS, was the manager/sub-contractor, and STOCK DEVELOPMENT, was the general manager.

8. Defendant, BARNETT MANAGEMENT, as the employer of Romero, knew or should have known of the dangerous condition that existed at this construction site as herein described and owed a duty to Romero to provide to him with

working conditions and a working environment which were reasonably safe under known circumstances, and for all other circumstances which were reasonably foreseeable. In particular, the Defendant should have known of the dangerous condition of the grade just on the bank of the lake as prior to Romero's accident, another tractor had tipped over as well. In spite of this dangerous condition, BARNETT MANAGEMENT did not correct the situation and/or supply enough supervisory personnel to adequately monitor the working conditions.

9. Defendant, NATURAL DESIGNS, as the manager/sub-contractor of the golf course portion of the construction site, knew or should have known of the dangerous condition that existed at this construction site as herein described and owed a duty to ROMERO to provide to him with working conditions and a working environment which were reasonably safe under known circumstances, and for all other circumstances which were reasonably foreseeable. In particular, the Defendant should have known of the dangerous condition of the grade just on the bank of the lake as prior to Romero's accident, another tractor had tipped over as well. In spite of this dangerous condition, NATURAL DESIGNS did not correct the situation and/or supply enough supervisory personnel to adequately monitor the working conditions.

10. Defendant, STOCK DEVELOPMENT, as the general contractor of the construction site, knew or should have known of the dangerous condition that existed at this construction site as herein described and owed a duty to ROMERO to provide to him with working conditions and a working environment which were reasonably safe under known circumstances, and for all other circumstances which were reasonably foreseeable. In particular, the Defendant should have known of the

dangerous condition of the grade just on the bank of the lake as prior to Romero's accident, another tractor had tipped over as well. In spite of this dangerous condition, STOCK DEVELOPMENT did not correct the situation and/or supply enough supervisory personnel to adequately monitor the working conditions.

## COUNT I

### (Negligence – BARNETT MANAGEMENT)

11. Plaintiff reallges the allegations contained in Paragraphs 1 through 10 above.

12. Defendant, BARNETT MANAGEMENT, owed a duty to Romero to provide to him with working conditions and a working environment which were reasonably safe under known circumstances, and for all other circumstances which were reasonably foreseeable.

13. Defendant, BARNETT MANAGEMENT, knew or should have known of the dangerous condition that existed at its premises involving the grading of the subject bank which led to the tractor turning over and causing Romero's death.

14. Defendant, BARNETT MANAGEMENT, breached its duty by failing to ensure that the premises where its employees were working was in a safe condition, including, but not limited to, failure to take adequate precautions by assuring that the bank was safe and/or providing the appropriate personnel to direct and supervise the work.

15. As a result of Defendant, BARNETT MANAGEMENT's, negligence, Romero was killed.

16. As such, the Estate of David Guadalupe Velazquez Romero suffered the following damages:

    a) Loss of earnings;

    b) Loss of net accumulations;

    c) Medical and funeral expenses due to David Guadalupe Velazquez Romero's death;

    d) Any other damages the Court deems just and proper.

WHEREFORE, Plaintiff, JUANA ROMERO ORTEGA, individually, as surviving mother of David Guadalupe Velazquez Romero, respectfully requests damages against Defendant, BARNETT MANAGEMENT, and any other relief this Court deems just and proper.

## COUNT II

### (Negligence – NATURAL DESIGNS)

17. Plaintiff reallges the allegations contained in Paragraphs 1 through 10 above.

18. Defendant, NATURAL DESIGNS, owed a duty to Romero to provide working conditions and a working environment which were reasonably safe under known circumstances, and for all other circumstances which were reasonably foreseeable.

19. Defendant, NATURAL DESIGNS, knew or should have known of the dangerous condition that existed at its premises involving the bank where the subject tractor overturned and/or assuring that the appropriate supervisory personnel were present at the site to ensure the stability of the bank and to properly supervise the grading work.

20. Defendant, NATURAL DESIGNS, breached its duty by failing to ensure that the premises where its employees were working was in a safe condition, including, but not limited to, failure to take adequate precautions by assuring that the bank was safe and/or providing the appropriate personnel to direct and supervise the work.

21. As a result of Defendant, NATURAL DESIGNS', negligence, Romero was killed.

22. As such, the Estate of David Guadalupe Velazquez Romero suffered the following damages:

    e) Loss of earnings;

    f) Loss of net accumulations;

    g) Medical and funeral expenses due to David Guadalupe Velazquez Romero's death;

    h) Any other damages the Court deems just and proper.

WHEREFORE, Plaintiff, JUANA ROMERO ORTEGA, individually, as surviving mother of David Guadalupe Velazquez Romero, respectfully requests damages against Defendant, NATURAL DESIGNS, and any other relief this Court deems just and proper.

## COUNT III

### (Negligence – STOCK DEVELOPMENT)

23. Plaintiff reallges the allegations contained in Paragraphs 1 through 10 above.

24. Defendant, STOCK DEVELOPMENT, owed a duty to Romero to provide working conditions and a working environment which were reasonably safe

under known circumstances, and for all other circumstances which were reasonably foreseeable.

25. Defendant, STOCK DEVELOPMENT, knew or should have known of the dangerous condition that existed at its premises involving the bank where the subject tractor overturned and/or assuring that the appropriate supervisory personnel were present at the site to ensure the stability of the bank and to properly supervise the grading work.

26. Defendant, STOCK DEVELOPMENT, breached its duty by failing to ensure that the premises where its employees were working was in a safe condition, including, but not limited to, failure to take adequate precautions by assuring that the bank was safe and/or providing the appropriate personnel to direct and supervise the work.

27. As a result of Defendant, STOCK DEVELOPMENT's, negligence, Romero was killed.

28. As such, the Estate of David Guadalupe Velazquez Romero suffered the following damages:

　　i) Loss of earnings;

　　j) Loss of net accumulations;

　　k) Medical and funeral expenses due to David Guadalupe Velazquez Romero's death;

　　l) Any other damages the Court deems just and proper.

WHEREFORE, Plaintiff, JUANA ROMERO ORTEGA, individually, as surviving mother of David Guadalupe Velazquez Romero, respectfully requests

damages against Defendant, STOCK DEVELOPMENT, and any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury on all issues so triable.

DATED this 12th day of July, 2007.

FROST TAMAYO SESSUMS
& ARANDA, P.A.

_____
John Marc Tamayo
Florida Bar No. 0030910
Post Office Box 2188
Bartow, FL 33831-2188
Tel: (863) 533-0314
Fax: (863) 533-8985

Attorneys for Plaintiff